THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL PATTERSON**, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>**WAJDA LAW GROUP, APC**<br><br>   Defendant. | :<br>:<br>:  Case No. 2:25-cv-01774<br>:  Hon. Mark Raymond Hornak<br>:<br>:  **CLASS ACTION**<br>:<br>:  **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>: |

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LCvR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1. **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

    Andrew Roman Perrong
    Counsel for Plaintiff Daniel Patterson
    2657 Mount Carmel Avenue
    Glenside, PA 19038
    Tel: 215-225-5529
    Fax: 888-329-0305
    a@perronglaw.com

    Robert J. Cosgrove
    Counsel for Defendant Wajda Law Group, APC
    1515 Market Street, Suite 2050
    Philadelphia, PA 19102
    Tel: (267) 665-0743
    rcosgrove@wcmlaw.com

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

Plaintiff's Statement:

The Plaintiff brings this action as a class action alleging that the Defendant called the Plaintiff in violation of the TCPA's prohibition against calling numbers with prerecorded messages. As a general matter, the Plaintiff anticipates that discovery will be needed on the requisites of Rule 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendant may file. Plaintiff is seeking to certify the following class:

Robocall Class: Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, Defendant's services (3) within the four years prior to the filing of the Complaint

Defendant's Statement:

As a preliminary matter, Wajda Law Group ("WLG") asserts that it is not the proper defendant in this matter, as WLG operates solely in California; The proper defendant is instead Recovery Law Group ("RLG"), which operates in all other states and is an affiliate of WLG.

RLG is a boutique law firm specializing in personal bankruptcy cases with relatively small values (averaging between $1,000.00 and $3,000.00). The firm's records show that Plaintiff Daniel Patterson affirmatively reached out to RLG between two and five times—through both the firm's website and by calling the firm's intake phone number—seeking legal advice regarding bankruptcy. Notably, the website's form, which Patterson filled out, contains a disclosure that doing so constitutes consent to be contacted in response to the form. In response to the multiple inquiries for bankruptcy-related legal services that it received, RLG reached out to the phone number that Patterson provided to potentially offer such services. After failing to reach Patterson and leaving voicemail messages that went unreturned, RLG stopped its attempts to contact him.

Notwithstanding all of the above and the documents Plaintiff has been provided, Plaintiff now claims that he did not affirmatively reach out to RLG, that he did not fill out the form containing the disclosure regarding consent to communication, that the communication in response to his contact was unsolicited, and the attempts to reach him were wrongful.

Based on these specific facts as Defendant understands them, RLG asserts that there are no others similarly situated to Plaintiff and there is no class to be certified.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) Conference was held on December 23, 2025. Andrew Roman Perrong attended for the Plaintiff and Robert Cosgrove and Simone Henderson attended for the Defendant. There are currently no unserved parties.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   A Rule 16 scheduling conference has not yet been set. The Court ordered the parties to conduct a Rule 26(f) conference by December 30, 2025.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   RLG anticipates filing a dispositive motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted based upon evidence of Plaintiff's consent to communication. RLG anticipates filing said motion upon completion of a limited discovery phase, which should be around April 2026 if the Court accepts Defendant's proposed timeline. Please see Defendant's Statement and Proposed Schedule under #9 below for further explanation.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   See attached.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

   None. The parties will exchange initial disclosures no later than January 6, 2026.

8. **Subjects on which fact discovery may be needed**. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

The Parties stipulate to electronic service of discovery documents.

Plaintiff's Statement:

   Plaintiff intends to seek discovery from Defendant pertaining to (1) records regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing calls and any relationship with any third parties that may have made calls for the Defendant; (3) discovery related to any purported consent to

receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto.

Defendant's Statement:

As related solely to the merits of Plaintiff's claim, Defendant intends to seek discovery consisting of (1) records of contacts between the parties; (2) email and other communications between Plaintiff and Defendant indicating confirmation of contact and/or consent to communication; and (3) discovery related to Plaintiff's internet and/or phone records as it relates to Defendant's website and/or phone line.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

Plaintiff's Proposed Schedule:

a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** January 6, 2026

b. **Date by which any additional parties shall be joined:** March 27, 2026

c. **Date by which the pleadings shall be amended:** March 27, 2026

d. **Date by which fact discovery should be completed:** August 28, 2026

e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** None.

f. **Date by which plaintiff's expert reports should be filed:** October 30, 2026

g. **Date by which depositions of plaintiff's expert(s) should be completed:** December 28, 2026

h. **Date by which defendant's expert reports should be filed:** December 16, 2026.

i. **Date by which depositions of defendant's expert(s) should be completed:** January 29, 2027

j. **Date by which third party expert's reports should be filed:** N/A

k. **Date by which depositions of third party's expert(s) should be completed:** N/A

Defendant's Statement and Proposed Schedule:

RLG asserts that the discovery schedule that Plaintiff proposes only makes sense if there is indeed a class to be certified. As explained above, RLG's position is that this matter is inappropriate for class action certification. RLG proposes that limited and expedited discovery should be conducted only as to the merits of Plaintiff's claim that he did not consent to communication. If it is found that Plaintiff did initiate the first contact and consented to contact, RLG again asserts that Plaintiff does not represent a class, class certification should fail, and the discovery schedule should be adjusted accordingly. RLG proposes that the schedule of discovery as related to this issue should be as follows:

- **Date by which disclosures required by Fed. R. Civ. P. 26(a) shall be made:** January 6, 2026
- **Date by which any additional parties shall be joined:** January 30, 2026
- **Date by which issue-specific fact discovery shall be completed:** March 15, 2026
- **Date by which the parties will confer regarding first phase of discovery:** April 1, 2026

Defendant further proposes that a conference should be held after this phase of discovery to determine how to proceed thereafter based on the outcome.

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

    The Parties agree to the standard limitations.

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

    a. **ESI.** Is either party seeking the discovery of ESI in this case?
       X   Yes    ☐   No [If "No," skip to sub-part (e) below.]

    b. **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules  and:

        X Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by
        August 28, 2026
        ☐ Have developed an ESI discovery plan (as attached).
        ☐ Will have an ESI discovery plan completed by
        ☐ NOTE:  At the direction of the Court, parties may be required to submit a draft of  the Stipulated Order re: Discovery of Electronically Stored Information for  Standard Litigation set forth in "Appendix LCvR 26.2.E-

        MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

    **c.**    **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
☐ Yes    X    No

    **d.**    **ADR**. Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
X Yes    ☐    No

    **e.**    **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

        X    Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
        ☐    Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
        ☐    Are unable to agree on appropriate non-waiver language.

    **f.**    **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
☐ Yes    X    No

    **g.**    **Other**. Identify all outstanding disputes concerning any ESI issues:
To the extent available, the Parties agree to produce ESI in native format.

**12.**    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

The parties have agreed to schedule a Post-Discovery Status Conference at the Court's convenience following the conclusion of expert discovery.

    **a.**    **Settlement and/or transfer to an ADR procedure;**

        **b.**     **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

        **c.**     **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

        **d.**     **Dates by which parties' pre-trial statements should be filed;**

        **e.**     **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

        **f.**     **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

        **g.**     **Dates proposed for final pre-trial conference;**

        **h.**     **Presumptive and final trial dates.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    None at this time.

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    None at this time.

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

    None.

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

    Yes. The parties discussed the possibility of settlement at the Rule 26(f) conference. However, it is Plaintiff's position that a settlement demand cannot be tendered until class calling records are obtained and analyzed, as the Plaintiff is desirous of a class settlement.

                                            Respectfully submitted,

January 12, 2026

<div style="margin-left:40%">

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

Lead Attorney for Plaintiff and the Proposed Class


*/s/ Robert J. Cosgrove*
Robert J. Cosgrove, Esq.
Wade Clark Mulcahy, LLP
1515 Market St., Suite 2050
Philadelphia, Pennsylvania 19102
Phone: (267) 239-5526
rcosgrove@wcmlaw.com

Attorney for Defendant

</div>