IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL PATTERSON, individually and on behalf of all others similarly situated** | |
| *Plaintiff,* | Case No: 2:25-cv-01774 |
| v. | The Honorable<br>Mark Raymond Hornak |
| **WAJDA LAW GROUP, APC,** | |
| *Defendant.* | |

**PROTECTIVE ORDER**

Upon the request of the parties in the above-captioned action, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following protective order to facilitate discovery in this action and to protect confidential or sensitive information produced in discovery by restricting its dissemination and use.

**1.   Protectable Information**

a)   "Protectable Information" is any information produced in discovery in this action that is within or derived from the following categories of information:

   i)   **Copies, excerpts or summaries thereof of any depositions, deposition exhibits, interrogatory answers, document requests, documents produced and responses to requests for admission and any other discovery authorized by the any applicable rules of Civil Procedure;**

   ii)   **Telephone calling and billing records and recordings, and other customer proprietary network information ("CPNI");**

   iii)   **Documents and electronically-stored information ("ESI"), including CPNI, produced by third parties in response to any subpoena issued in this matter; and**

    iv)  **Any information disclosed over the course of discovery that the producing party believes in good faith contains legally protectable information in accordance with relevant rules of civil procedure.**

 b)  Notwithstanding paragraph (a), the following information is not Protectable Information: any information that (i) at the time that the information is produced, is in the public domain or (ii) after the information is produced, becomes part of the public domain in a manner that does not violate this protective order.

 c)  Over-designation shall be prohibited. Any Party or Non-Party who designates information or items for protection under this Order shall use best efforts to only designate the specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designation under this Order is allowed only if the designation is necessary to protect material for the purposes described herein. If a Producing Party learns that information or items that it designated for protection do not qualify for protection at all, that Producing Party must promptly notify all Parties that it is withdrawing the mistaken designation and, if applicable, re-produce the item with the appropriate designation, if any.

d) The inadvertent failure to stamp a document, or a portion thereof, with the Confidential designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Order, provided that the Producing Party notifies the Receiving Party, in writing, within thirty (30) days after becoming aware that the Protected Information was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be CDM and shall promptly provide a replacement copy of such material with the appropriate "Confidential" designation thereupon. Treatment of inadvertently produced confidential material in a manner inconsistent with this Agreement prior to notice of such inadvertent production is not a breach of this Confidentiality Agreement. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Agreement. In addition, the Producing Party may, upon giving such notice as aforesaid, designate the information accordingly. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the Producing Party and brought to the attention of the Receiving Party, the Receiving Party's treatment of such material shall be in accordance with the Pennsylvania Rules of Civil Procedure. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the Producing Party of any claims of privilege or

work-product immunity. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claims of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**2.      Designation of Protected Information**

a)      "Protected Information" is any Protectable Information that the producing party or non-party "Designates" as confidential.

b)      A party or non-party producing Protectable Information may "Designate" that information as confidential through one of three mechanisms:

   i)    For documents produced in discovery, including sworn statements and responses to written discovery requests, by marking the pages of the document as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in W.D. Pa. Case No. 2:25-cv-01774";

   ii)   For Protectable Information stored in a medium that makes such stamping impracticable (such as computer data), by stamping or marking the casing or housing of the medium as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in W.D. Pa. Case No. 2:25-cv-01774"; or

   iii)  For depositions, by providing written notice indicating the page and line numbers of the transcript that are to be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in W.D. Pa. Case No. 2:25-cv-01774"; such written notice shall be provided within 21 days of receipt of the transcript to all persons either in attendance at the deposition or known to have possession or custody of the deposition transcript; and for the period between the time of deposition and 21 days following its transcription, the contents of the deposition shall be treated as Protected Information. The time period for review and notice may be extended by agreement of the parties. Upon being informed of the designation of certain portions of the deposition as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the provisions of this Order.

  c) Any such designation shall subject the document, its contents, or any specified portion thereof, to this Agreement without any further act on the part of the Producing Party.

  d) Information copied or derived from Protected Information also constitutes Protected Information.

  e) This protective order does not confer a right to any person who receives information in discovery to Designate that information as Protected Information; if a person wishes to secure some degree of protection for information it receives in discovery, that should be addressed through separate motion.

  f) Nothing in this Order shall prohibit a Producing Party from exchanging or otherwise providing its own material to other parties, for other purposes, without resort to the provisions of this Order.

  g) Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation, and in the course of rendering advice, referring to or relying generally on the examination of Protected Information produced or exchanged.

  h) The parties hereto also acknowledge that regardless of diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. The procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) shall apply if such inadvertent production occurs. Pursuant to Fed. R. Evid. 502(d), the Court orders, and the parties agree, that attorney-client privilege and/or work product protection applicable to any document is not waived by inadvertent disclosure connected with the above-captioned litigation.

**3.      Permissible Uses and Required Maintenance of Protected Information**

a)      Any person receiving Protected Information shall use that Protected Information only for purposes of litigating this action, including class proceedings, prosecution of class claims, class certification, and any appeals taken from this litigation.

b)      Protected Information not be used for any other purpose, including but not limited to:

      i)      The prosecution or defense of other actions not subject to this Order;

      ii)     Any proceeding before or application to any government agency;

      iii)    Disclosure to media or competitors of parties to the Action; and/or

      iv)     Any purpose other than the prosecution of this action.

c)      Protected Information may only be disclosed under the circumstances and to the persons specifically provided for under this Order.

d)      Any person receiving Protected Information shall take reasonable efforts to safeguard its confidentiality as well as the confidentiality of copies and derivations of that Protected Information.

e)      Any person receiving Protected Information shall not disclose or disseminate that Protected Information except to the following persons:

      i)      The Court, including any appellate court or tribunal responsible for adjudicating claims or defenses related to this action, as well as court personnel, court reporters, and any other person designated by the Court in this Action in the interest of justice subject to an Order from the Court;

      ii)     The Parties and their officers, employees, in-house counsel (and any paralegal or support staff working for and directly reporting to such counsel), insurers, re-insurers, and agents who have a need to use the Protected Information in the performance of their responsibilities related to this action;

iii) Counsel of record for the parties, including attorneys, paraprofessionsals, and employees of such law firms who have a need to use the Protected Information in the performance of their responsibilities related to this action;

iv) Witnesses (and counsel, if any) at deposition;

v) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

vi) Potential non-party witnesses in this Action and their counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery;

vii) Consultants and expert witnesses consulted, retained, or hired by any party to this action, but only to the extent that they need Protected Information to elicit their expert report, opinion, testimony, and/or consultation regarding this action;

viii) Outside contractors hired by a party (or counsel for a party) to copy, image, sort, review, or otherwise manage the storage and retrieval of Protected Information;

ix) Commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside counsel for a Party; and/or

x) Such others that may be determined, but only with express prior written consent of the Producing Party.

f) Before any person identified in subparagraphs (c)(iv)-(x) may receive Protected Information, that person must be provided a copy of this protective order and agree to abide by its terms.

g) In the event that additional parties join or are joined in this Action, they shall not have access to Protected Information unless and until they agree to abide by the terms of this Order.

4. **Filing Protected Information**

    a) If any party or non-party seeks to file Protected Information with the Court or to use Protected Information in open court before trial, then that party or non-party shall either move to file the Protected Information under seal or move to de-designate the Protected Information.

    b) Any party or non-party seeking to file a document under seal must comply with the Court's Local Civil Rules.

5. **Challenging a Designation**

    a) If a party in good faith disagrees with the Producing Party's Confidential designation, that party shall inform counsel for the Producing Party in writing of that disagreement ("Receiving Party"). Upon written notification that a party disagrees with a Confidential designation, counsel for the Receiving Party and the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention;

    b) If the dispute cannot be resolved between counsel, a party that receives Protected Information may challenge the Designation of that information through a motion to de-designate. A motion to de-designate must contain a certification of counsel that describes the efforts taken to resolve the Designation issue without court intervention; if the required description does not evidence reasonable and good faith efforts, the motion to de-designate may be summarily denied or summarily granted.

    c) If a party seeks to include Protected Information as an exhibit to a motion to de-designate, the party shall file a provisional motion to seal the exhibit.

**6.    Obligations Upon Termination of this Action**

a)    "Termination" of this action occurs on either (i) the date of dismissal of this action pursuant to a settlement agreement or (ii) the date upon which all appellate rights expire following final disposition or judgment of this action.

b)    Upon Termination, no party or non-party may Designate additional information as confidential.

c)    After 30 days following Termination, no person may move to de-designate Protected Information.

d)    Within 60 days of Termination, each person who has received Protected Information, except those identified in subparagraphs 3(c)(i) and (ii) must return or destroy it.

e)    Within 60 days of Termination, each person identified in subparagraph 3(c)(ii) who has received Protected Information must return or destroy it, except Protected Information (i) that has been incorporated into counsel of record's litigation case files, and (ii) the return or destruction of which would impair the integrity of those litigation case files.

**7.** **Amendment.** Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating all provisions of this Order. Nothing in this Order shall be construed as prejudicing any Producing Party's right to seek an agreement or court order providing additional confidentiality or other protections to any Confidential Information produced in this Action. Until such agreement or order is obtained, however, this Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

**8.** **Limitation on Use of Confidentiality Designations.** This Order has been agreed to by the Parties to facilitate discovery and the production of relevant information in these actions. Neither the designation of any information, document or the like as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in these actions.

| | |
|---|---|
| **Date** | **Mark Raymond Hornak**<br>**United States District Judge** |