IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-01774 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| WAJDA LAW GROUP, APC, | ) | |
| | ) | |
| Defendant. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

AND NOW, this 10th day of March, 2026, it is hereby ORDERED that the parties comply with the following:

1. **Local Rule 16.1:** This civil action is governed by Local Rule of Civil Procedure 16.1 – Pretrial Procedures.

2. **Settlement Negotiations:** Counsel for the parties shall confer with their clients and any involved insurance carriers before all case management, status, or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the Court. A client's representative/insurance carrier representative shall be available by phone for any such conference. If a party anticipates potentially relying upon an insurance carrier to satisfy all or part of any settlement or award, a representative of the insurance carrier(s) who possesses full, unilateral settlement authority shall be available to participate in all case management conferences, status conferences, and settlement negotiations, including ADR sessions, either in-person or via telephone.

3. **Initial Scheduling:** The parties shall comply with the following deadlines:

   a) Disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made on or before April 06, 2026.

   b) Additional parties will be joined in this matter on or before April 27, 2026.

   c) Pleadings shall be amended by April 27, 2026.

   d) Fact discovery shall be completed on or before August, 10 2026. The Court may extend the discovery deadline upon a showing of good cause and upon a motion filed prior to the expiration of such deadline. The motion shall: (i) specifically state all discovery completed to date and to be conducted if the extension is granted; (ii) contain a showing of good cause for the requested extension; (iii) list any previous extensions of discovery; and (iv) attach a proposed order which establishes specifically the extended closure date being requested and setting forth the discovery to be conducted. Pursuant to the updates to the Federal Rules of Civil Procedure as of December 1, 2025, if a party seeks to invoke a privilege to withhold information during discovery, the party must "expressly make the claim" of privilege and "describe the nature" of the withheld material in a manner that will enable the other party to assess the claim. Fed. R. Civ. P. Rule 26(b)(5)(A).

   e) Deadlines to produce expert reports, and deposition of such experts, shall be held in abeyance pending a post-fact-discovery status conference.

   f) Pretrial motions relating to discovery or this Order shall be filed on or before the last day of the applicable discovery deadline. This deadline does not apply to motions to extend discovery, motions to compel discovery, motions *in limine*, motions for summary judgment, or other pretrial motions.

Responses to motions relating to discovery or this Order shall be filed within seven (7) days from the date of service of the motion. The Court frequently resolves such motions by telephone conference, which the parties may also request. The Court may also schedule a telephone conference before the time runs for any response. In such a case, the non-moving party is excused from filing a response; instead, said party should be prepared to state its position at the telephone conference.

Replies to such responses shall be filed seven (7) days from the date of service of the response. Replies may be filed without leave of the Court. Surreplies shall not be filed without leave of the Court obtained in advance. For further information regarding general motions practice, please see the "Chambers' Rules" website available from the United States District Court for the Western District of Pennsylvania's homepage.

4. **Alternative Dispute Resolution (ADR):** The parties are advised to comply with all ADR requirements pursuant to Local Rule of Civil Procedure 16.2. The parties are directed to promptly schedule and file the notice of the ADR proceeding. A representative of any insurance carrier which may be responsible, in whole or in part, for any portion of the claims alleged and who has full, unilateral settlement authority must attend any ADR proceeding in person if insurance proceeds could cover any portion of a settlement or verdict.

5. **Procedures Following Inadvertent or Other Disclosure ("Clawback"):** Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of a disclosure of any privileged or trial preparation/attorney work product material:

a)  The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party

who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

b) Upon receiving notice of such production, any receiving party shall immediately retrieve all copies of the disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

c) If the parties cannot agree as to the claim of privilege or protected status, the producing party shall move the Court for a resolution within thirty (30) days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the thirty-day period.

d) Pursuant to Fed. R. Evid. 502(d), no disclosure connected to this litigation shall act as a waiver in any proceeding of any otherwise applicable privilege or protection unless so ordered by this Court. An Order implementing Fed. R. Evid. 502(d) will be entered.

6. **Discovery and Other Case Management Disputes:** In the Court's experience, many discovery and case management disputes can be promptly resolved in a conference with the Court and counsel. Therefore, in the event of such a dispute, lead counsel shall confer in person or by telephone, agree on the scope and nature of the dispute, and then contact the involved law clerk or the Courtroom Deputy to request a telephone status conference. The Court will usually either conduct the conference immediately, or set such a conference to occur within twenty-four (24) hours, and more often than not, the dispute will be resolved at that time. The Court may, in

situations involving more substantive matters, direct counsel to file the appropriate motion for relief. The Court will conduct a status conference at any time at the request of the parties.

       7.    **Other Deadlines/Post-Discovery Status Conference:** Any future telephone status conference will be set by further Order of the Court.

       /s/ Mark R. Hornak
       Mark R. Hornak
       United States District Judge

cc:    All counsel of record