## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL PATTERSON, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

WAJDA LAW GROUP, APC,

RECOVERY LAW GROUP APC,

AND

NICHOLAS WAJDA

Defendants.

Case No.
2:25-cv-01774-MRH

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Daniel Patterson ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Wajda Law Group, APC, Recovery Law Group APC, and Nicholas Wajda, ("Defendants") and alleges as follows:

## BACKGROUND

1.    As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer

1

Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     Plaintiff brings this action under the TCPA alleging that Defendants advertised their products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

3.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

4.     A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES**

5.     Plaintiff Daniel Patterson is a resident in this District.

6.     Defendant Wajda Law Group, APC is a corporation headquartered in El Segundo, Los Angeles County, California.

7.     Defendant Recovery Law Group, APC is a law firm owned and controlled by Defendant Nicholas Wajda. Recovery Law Group operates in Pennsylvania and other states, advertises bankruptcy related legal services to consumers, purchases or receives bankruptcy related leads, and follows up on those leads.

8.     Defendant Nicholas Wajda is an individual attorney licensed in California, Texas, and Nevada. Wajda is the principal of Wajda Law Group, APC and the sole owner of Recovery Law Group, APC. Wajda personally controls, directs, authorizes, and/or participates in the marketing decisions of both Wajda Law Group and Recovery Law Group.

**JURISDICTION AND VENUE**

9.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10.     This Court has specific personal jurisdiction over Defendants and venue is proper because Defendants sent calls into this District.

**FACTUAL ALLEGATIONS**

11.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12.     Defendants Wajda and Recovery are law firms that use prerecorded telemarketing calls to promote their services to consumers.

13.     Plaintiff's telephone number, (724) XXX-2138, is a non-commercial telephone number not associated with any business.

14.     Plaintiff's telephone number is used for personal residential purposes.

15.     Prior to the calls at issue, Plaintiff had never been a customer of the Defendants nor asked or inquired to be a customer of the Defendants.

16.     Plaintiff never consented to receive calls from Defendants.

17.     Plaintiff never did business with Defendants.

18.     Despite this, Plaintiff received at least five calls from Defendants from telephone number (724) 246-7760.

19.     The first two calls were made by Defendants on August 20, 2024.

20.     Plaintiff rejected both calls.

21.     The last three calls were made by Defendants on October 7, 2025.

3

22.    Plaintiff rejected all three calls, however, Defendants left two identical prerecorded voicemails which stated the following:

> Hi, this is Nicholas Wajda again, the bankruptcy attorney that's been trying to reach you.  I'm just trying to follow up, get in touch with you about that inquiry you filled on line where you said you wanted some information, some help on getting yourself out of debt.  Um maybe you just have some simple questions, talking to us can surely help. And again, it's free, so no risk to you.  Ah, you can reach us at 877-550-0003.  That's 877-550-0003.  Look forward to helping you out.  Talk to you soon.

23.    The messages left for Plaintiff were artificial or prerecorded because they were identical in tone, speech, content, inflection and wording.

24.    These messages were recorded by Defendant Nicholas Wajda himself and bore his voice.

25.    After recording the messages, Wajda personally uploaded the prerecorded messages into the ICE Mortgage Technology system used to make or facilitate the calls.

26.    Nicholas Wajda specifically recorded these messages to generate business and direct interested clients toward Recover Law Group, for which he personally makes the marketing decisions.

27.    At all relevant times, Wajda acted as the person who personally directed, approved, created, recorded, uploaded, and implemented the prerecorded message campaign at issue.

28.    Defendant Wajda personally made the prerecorded voice recording used in the calls at issue. The prerecorded message identified "Nicholas Wajda" and solicited consumers to call 877-550-0003, a telephone number appearing on both the websites for Recovery Law Group and Wajda Law Group, concerning bankruptcy representation.

4

29.    Wajda Law Group was the entity through which the relevant ICE Mortgage Technology account was subscribed, maintained, or originally set up.

30.    Recovery Law Group did not maintain a separate ICE Mortgage Technology account.

31.    Instead, Recovery Law Group used the ICE Mortgage Technology account subscribed, maintained, and originally set up through Wajda Law Group.

32.    Recovery Law Group paid for its use of the ICE Mortgage Technology account and paid for or covered the cost of the ICE Mortgage Technology system used to place the calls.

33.    Accordingly, Wajda Law Group was not a stranger to the calls. Wajda Law Group was the subscriber, account holder, nominal customer, and platform account holder through which the calling system was maintained and through which the prerecorded calls were transmitted.

34.    Recovery Law Group was likewise not a stranger to the calls. Recovery Law Group was the practical operating entity for whose bankruptcy and related legal services for which the calls were made, whose personnel or systems used the ICE Mortgage Technology account, whose telephone number was provided in the prerecorded message, and whose costs were paid through the ICE Mortgage Technology arrangement with Wajda Law Group.

35.    The prerecorded calls were placed using the same combined enterprise, systems, personnel, telephone numbers, lead sources, and ICE Mortgage Technology account used by Wajda Law Group, Recovery Law Group, and Nicholas Wajda.

36.    The calls at issue were therefore directly placed, jointly, by Defendants Wajda Law Group, Recovery Law Group, Nicholas Wajda, and their employees, agents, and other persons

5

acting on their behalf through the aforementioned account arrangement with ICE Mortgage Technology.

37.    Recovery Law Group is directly liable because the calls were made by it, for it, for its benefit, paid for by it, and to advertise its bankruptcy and debt relief legal services.

38.    Wajda Law Group is directly liable because the calls were placed through an account and calling infrastructure subscribed, maintained, and originally established by Wajda Law Group as the subscriber of record, and because Wajda Law Group permitted and was paid by Recovery Law Group and Nicholas Wajda to use that account and calling infrastructure to place prerecorded telemarketing calls. To the extent Defendants contend that Wajda Law Group is not the proper defendant because Recovery Law Group physically made the calls, Wajda Law Group is still liable because the violative calls were sent using Wajda Law Group's account.

39.    Nicholas Wajda is personally and directly liable because he directly participated in the unlawful conduct by personally recording the prerecorded messages, personally uploading the recordings into the calling platform, personally controlling the marketing decisions of the relevant law firm entities, and personally authorizing, directing, or ratifying the calls.

40.    Wajda Law Group and Recovery Law Group operate as an integrated law firm enterprise under the sole ownership, control, and direction of Nicholas Wajda. The two entities share marketing decision making (Wajda personally), share telemarketing infrastructure (the ICE Mortgage Technology account), share lead generation vendors (Aspiring Media Solutions), share at least one telephone number used for both intake and bar registration purposes ((877) 550-0003), and share attorneys whose bar profiles list that same number.

41.    The ICE Mortgage Technology account is subscribed in the name of Wajda Law Group but paid for in its entirety by Recovery Law Group, accessed and operated by Recovery

Law Group, used to advertise Recovery Law Group's services (including in Pennsylvania), and supervised by Nicholas Wajda in his dual capacity as owner of Wajda Law Group and owner of Recovery Law Group. This arrangement reflects a deliberate intermingling of the two entities' operations such that each is responsible for the conduct of the other.

42.    Defendant Nicholas Wajda is personally liable for the calls based on well-established TCPA case law, including because he had personal involvement and participation in the calls and prerecorded messages himself.

43.    Defendant Wajda may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

44.    Wajda personally directed the TCPA-violative conduct at issue because he personally programmed and recorded the messages for the system which violated the TCPA, and personally attempted to sell the services being advertised.

45.    Wajda was also the individual responsible for drafting, setting, implementing, and controlling the law firm defendants' marketing strategy, including the use of illegal calls, and the scripting for such calls and messages, as well as personally recording and uploading them.

46.    Wajda personally knew that the prerecorded messages would be used to solicit consumers concerning bankruptcy and related legal services because he personally recorded the prerecorded message for that very purpose.

7

47. Wajda personally knew that the prerecorded message would be uploaded into a calling platform and used to contact consumers because he personally uploaded the recording into ICE Mortgage Technology.

48. Wajda personally had control over and authorized the use of the ICE Mortgage Technology system by Wajda Law Group and Recovery Law Group.

49. Wajda personally controlled the decision to use prerecorded messages in connection with the marketing campaign.

50. Wajda personally controlled the decision to use the 877-550-0003 telephone number in the prerecorded message.

51. The 877-550-0003 number was associated with Recovery Law Group and was used to route consumer responses to the appropriate law-firm operation, including Recovery Law Group.

52. The 877-550-0003 number also appears on Wajda Law Group's website.

53. The prerecorded messages at issue solicited legal services, including bankruptcy and related services, and were designed to convert leads or alleged leads into paying legal clients.

54. The foregoing facts demonstrate that Wajda had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA

55. At all relevant times, Nicholas Wajda, Wajda Law Group, and Recovery Law Group were the "users" of telephone and/or calling services used to place the calls at issue, and acting by or on behalf of such users.

56. The acts and omissions of Nicholas Wajda, Recovery Law Group, Wajda Law Group, and their agents, employees, vendors, affiliates, and other persons acting on their behalf are attributable to each other under the TCPA, including 47 U.S.C. § 217.

8

57. The calls at issue were made for the mutual benefit of Wajda Law Group, Recovery Law Group, and Wajda because they were intended to generate bankruptcy clients for the law firm enterprise owned, controlled, directed, and operated by them.

58. The calls were solicitations by Defendants to advertise their legal services.

59. The aforementioned calls to the Plaintiff were unwanted.

60. The calls were nonconsensual encounters.

61. Plaintiff's privacy has been violated by the above-described telemarketing calls.

62. Plaintiff never provided his consent or requested the calls.

63. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

64. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

65. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

66. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

67. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendants, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, Defendants' services (4) within the four years prior to the filing of the Complaint.

9

68.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

69.    Excluded from the Class are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

70.    Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

71.    This Class Action Complaint seeks injunctive relief and money damages.

72.    The Class as defined above, is identifiable through Defendants' dialer records, other phone records, and phone number databases.

73.    Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

74.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

75.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

76.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

77.    There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendants made calls using artificial or prerecorded voices to Plaintiff;

b. Whether Defendants' conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

78. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

79. Plaintiff has no interests which are antagonistic to any member of the Class.

80. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

81. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

82. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

83. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

84.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

85.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

86.    The Defendants' violations were negligent, willful, or knowing.

87.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

88.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendants from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Date: May 22, 2026

> Plaintiff,
> By Counsel,
>
> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq. (*Pro Hac Vice*)
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, a copy of the foregoing was served via CM/ECF, which will electronically serve all counsel of record who have appeared.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq. (*Pro Hac Vice*)
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com