# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DANIEL PATTERSON, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> WAJDA LAW GROUP, APC <br><br> Defendant. | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff Daniel Patterson ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Wajda Law Group, APC ("Defendant") and alleges as follows:

## BACKGROUND

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action under the TCPA alleging that Defendant advertised its products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

1

3.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

4.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5.     Plaintiff Daniel Patterson is a resident in this District.

6.     Defendant is a corporation headquartered in El Segundo, Los Angeles County, California.

## JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.     This Court has specific personal jurisdiction over Defendant and venue is proper because it sent calls into this District.

## FACTUAL ALLEGATIONS

9.     Plaintiff is, and at all times mention herein was, a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendant is a law firm and uses prerecorded telemarketing calls to promote its services to consumers.

11.     Plaintiff's telephone number, (724) XXX-2138, is a non-commercial telephone number not associated with any business.

12.     Plaintiff's telephone number is used for personal residential purposes.

2

13.     Prior to the calls at issue, Plaintiff had never been a customer of the Defendant nor asked or inquired to be a customer of the Defendant.

14.     Plaintiff never consented to receive calls from Defendant.

15.     Plaintiff never did business with Defendant.

16.     Despite this, Plaintiff received at least five calls from Defendant from telephone number (724) 246-7760.

17.     The first two calls were made by Defendant on August 20, 2024.

18.     Plaintiff rejected both calls.

19.     The last three calls were made by Defendant on October 7, 2025.

20.     Plaintiff rejected all three calls, however, Defendant left two identical prerecorded voicemails which stated the following:

> Hi, this is Nick with Wajda again, the bankruptcy attorney that's been trying to reach you.  I'm just trying to follow up, get in touch with you about that inquiry you filled outline where you said you wanted some information, some help on getting yourself out of debt.  Um maybe you just have some simple questions, talking to us can surely help. And again, it's free, so no risk to you.  Ah, you can reach us at 877-550-0003.  That's 877-550-0003.  Look forward to helping you out.  Talk to you soon.

21.     The messages left for Plaintiff were artificial or prerecorded because they were identical in tone, speech, content, inflection and wording.

22.     The calls were solicitations by Defendant to advertise its legal services.

23.     The aforementioned calls to the Plaintiff were unwanted.

24.     The calls were nonconsensual encounters.

25.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

26.     Plaintiff never provided his consent or requested the calls.

3

27.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

28.     Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

31.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, Defendant's services (3) within the four years prior to the filing of the Complaint.

32.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

33.     Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of

4

their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

35. This Class Action Complaint seeks injunctive relief and money damages.

36. The Class as defined above, is identifiable through Defendant's dialer records, other phone records, and phone number databases.

37. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

38. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

39. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

41. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff;

b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

43.     Plaintiff has no interests which are antagonistic to any member of the Class.

44.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

45.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

46.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

47.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

48.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

49.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations

6

of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

50. The Defendant's violations were negligent, willful, or knowing.

51. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

52. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DANIEL PATTERSON, individually and on behalf of a class of all persons and entities similarly situated,

**(b)** County of Residence of First Listed Plaintiff    Washington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeremy C. Jackson, BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210, State College, PA 16801
Tel.: 814-234-2626

## DEFENDANTS
WAJDA LAW GROUP, APC

County of Residence of First Listed Defendant    Out of State
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❒ 1  U.S. Government Plaintiff
- ❒ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ❒ 110 Insurance
- ❒ 120 Marine
- ❒ 130 Miller Act
- ❒ 140 Negotiable Instrument
- ❒ 150 Recovery of Overpayment & Enforcement of Judgment
- ❒ 151 Medicare Act
- ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❒ 153 Recovery of Overpayment of Veteran's Benefits
- ❒ 160 Stockholders' Suits
- ❒ 190 Other Contract
- ❒ 195 Contract Product Liability
- ❒ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ❒ 310 Airplane
- ❒ 315 Airplane Product Liability
- ❒ 320 Assault, Libel & Slander
- ❒ 330 Federal Employers' Liability
- ❒ 340 Marine
- ❒ 345 Marine Product Liability
- ❒ 350 Motor Vehicle
- ❒ 355 Motor Vehicle Product Liability
- ❒ 360 Other Personal Injury
- ❒ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ❒ 365 Personal Injury - Product Liability
- ❒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❒ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❒ 370 Other Fraud
- ❒ 371 Truth in Lending
- ❒ 380 Other Personal Property Damage
- ❒ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ❒ 625 Drug Related Seizure of Property 21 USC 881
- ❒ 690 Other

### LABOR
- ❒ 710 Fair Labor Standards Act
- ❒ 720 Labor/Management Relations
- ❒ 740 Railway Labor Act
- ❒ 751 Family and Medical Leave Act
- ❒ 790 Other Labor Litigation
- ❒ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ❒ 422 Appeal 28 USC 158
- ❒ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ❒ 820 Copyrights
- ❒ 830 Patent
- ❒ 840 Trademark

### SOCIAL SECURITY
- ❒ 861 HIA (1395ff)
- ❒ 862 Black Lung (923)
- ❒ 863 DIWC/DIWW (405(g))
- ❒ 864 SSID Title XVI
- ❒ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ❒ 870 Taxes (U.S. Plaintiff or Defendant)
- ❒ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ❒ 375 False Claims Act
- ❒ 400 State Reapportionment
- ❒ 410 Antitrust
- ❒ 430 Banks and Banking
- ❒ 450 Commerce
- ❒ 460 Deportation
- ❒ 470 Racketeer Influenced and Corrupt Organizations
- ❒ 480 Consumer Credit
- ❒ 490 Cable/Sat TV
- ❒ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ❒ 891 Agricultural Acts
- ❒ 893 Environmental Matters
- ❒ 895 Freedom of Information Act
- ❒ 896 Arbitration
- ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❒ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ❒ 210 Land Condemnation
- ❒ 220 Foreclosure
- ❒ 230 Rent Lease & Ejectment
- ❒ 240 Torts to Land
- ❒ 245 Tort Product Liability
- ❒ 290 All Other Real Property

### CIVIL RIGHTS
- ❒ 440 Other Civil Rights
- ❒ 441 Voting
- ❒ 442 Employment
- ❒ 443 Housing/ Accommodations
- ❒ 445 Amer. w/Disabilities - Employment
- ❒ 446 Amer. w/Disabilities - Other
- ❒ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ❒ 463 Alien Detainee
- ❒ 510 Motions to Vacate Sentence
- ❒ 530 General
- ❒ 535 Death Penalty
**Other:**
- ❒ 540 Mandamus & Other
- ❒ 550 Civil Rights
- ❒ 555 Prison Condition
- ❒ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ❒ 462 Naturalization Application
- ❒ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from Another District *(specify)*
- ❒ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227

Brief description of cause:
Putative TCPA Class Action for sending unlawful communications

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ❒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE ____    DOCKET NUMBER ____

DATE    SIGNATURE OF ATTORNEY OF RECORD
11/14/2025    /s/ Jeremy C. Jackson

**FOR OFFICE USE ONLY**

RECEIPT # ____    AMOUNT ____    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

JS 44AREVISED June, **2009**
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

This case belongs on the (  ◯ Erie     ◯ Johnstown     ⦿ Pittsburgh) calendar.

1. **ERIE CALENDAR -** If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

2. **JOHNSTOWN CALENDAR -** If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

4. Complete if on **JOHNSTOWN CALENDAR**:  I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

**PART B** (You are to check ONE of the following)

1. ◯  This case is related to Number_____  . Short Caption_____ .

2. ⦿  This case is not related to a pending or terminated case.

DEFINlTIONS OF RELATED CASES:

CIVIL:  Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit EMINENT DOMAIN:  Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.
HABEAS CORPUS & CIVIL RIGHTS:  All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PARTC**

I. CIVIL CATEGORY (Select the applicable category).

1. ◯   Antitrust and Securities Act Cases
2. ◯   Labor-Management Relations
3. ◯   Habeas corpus
4. ◯   Civil Rights
5. ◯   Patent, Copyright, and Trademark
6. ◯   Eminent  Domain
7. ⦿   All  other federal question cases
8. ◯   All  personal  and property damage tort cases,  including  maritime,  FELA, Jones Act, Motor vehicle, products liability, assault, defamation,  malicious prosecution, and false arrest
9. ◯   Insurance indemnity, contract and other diversity cases.
10.◯   Government Collection Cases (shall include HEW Student Loans (Education), V A  0verpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),  HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, SBA Loans, Civil Penalties  and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

/s/ Jeremy C. Jackson

Date: Nov. 14, 2025 _____          _____

ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH FORMS MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the six boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.