## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL PATTERSON**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**WAJDA LAW GROUP, APC, RECOVERY LAW GROUP APC, and NICHOLAS WAJDA,**<br><br>*Defendants.* | Case No. 2:25-cv-01774-MRH |

### PLAINTIFF'S MOTION FOR A RULE 16 CONFERENCE

Plaintiff, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 16, Local Rule of Civil Procedure 16.2, and the Court's ADR Policies and Procedures, for the scheduling of a Rule 16 conference to address the status of the parties' court-ordered Alternative Dispute Resolution and a related dispute over allocation of ADR provider fees. In support, Plaintiff states as follows:

1.      This matter has been referred to court-ordered Alternative Dispute Resolution, and the parties stipulated to mediation before the Honorable Kenneth Benson (Ret.), serving as the parties' selected neutral through Justus ADR Services, LLC.

2.      The mediation was scheduled, and confirmed by all then-participating parties, as an in-person, full day session to be held on July 1, 2026.

3.      After the July 1, 2026 session was scheduled, Plaintiff named additional defendants, Recovery Law Group and Nicholas Wajda, who were not parties to, and did not participate in, the original scheduling of the mediation.

1

4.     Plaintiff, together with counsel for the recently added defendants, took the position that it would not be productive to proceed with a court-ordered mediation in the absence of all parties, and the parties accordingly explored continuing the July 1, 2026 session so that every party could participate.

5.     The ADR provider advised that, because the parties are within its ten business day cancellation window, a continuance of the July 1, 2026 session would trigger a fifty percent cancellation fee, and inquired how the parties wished to allocate that fee.

6.     Plaintiff agreed that the session should be continued and took the position that any resulting fee should be shared among the then-existing parties in the manner provided by the parties' Stipulation Selecting ADR Process and Section 3.3.B of the Court's ADR Policies and Procedures.

7.     Counsel for the recently added defendants Nicholas Wajda and Recovery Law Group likewise agreed that the mediation should be continued, and took the position that those defendants should not bear any portion of the cancellation fee because they were not involved in the initial scheduling, and questioned whether the operative case management deadlines must first be extended by the Court.

8.     The positions of counsel for Defendant Wajda Law Group, however, cannot be reconciled. One attorney of that firm, Robert Cosgrove, advised that, if a cancellation fee would be incurred, the parties should simply proceed with the mediation on July 1, 2026, notwithstanding the absence of the newly-added parties. A second attorney of the same firm, Simone Henderson, subsequently advised that the firm has neither the authority to incur a fee for rescheduling nor the authority to commit to participating in the mediation as currently scheduled.

2

9.      The basis stated for that second position is that the insurer for Defendant Wajda Law Group has disclaimed coverage, that there is presently no coverage in place, and that it has not been confirmed whether that firm will be privately retained to continue in the defense of this matter.

10.      These circumstances leave the Plaintiff unable to determine whether the court-ordered mediation can, will, or should proceed on July 1, 2026 in a manner consistent with Section 2.7 of the Court's ADR Policies and Procedures, which requires the attendance of a party representative with full and complete settlement authority and, where applicable, the attendance of an insurer representative whose agreement would be necessary to achieve a settlement.

11.      Given the imminence of the July 1, 2026 session, the inconsistent positions of Defendant Wajda Law Group's counsel, the unresolved question of that defendant's settlement authority and coverage, the absence of the recently added defendants, and the unresolved allocation of the ADR provider fee, Plaintiff submits that a brief conference with the Court is the most efficient means of resolving these case management issues.

**WHEREFORE**, Plaintiff respectfully requests that the Court schedule a telephonic Rule 16 conference at its convenience, to address the following:

(a) whether the July 1, 2026 mediation should proceed as scheduled or be continued to permit the participation of all parties, including the recently added defendants;

(b) the allocation among the parties of any ADR provider cancellation or postponement fee, consistent with the parties' Stipulation Selecting ADR Process and Section 3.3.B of the Court's ADR Policies and Procedures;

3

(c) to the extent the session is continued, any necessary extension of the deadline for completing court-ordered ADR pursuant to Section 3.5 of the Court's ADR Policies and Procedures; and

(d) the status of Defendant Wajda Law Group's representation and attendance obligations under Section 2.7 of the Court's ADR Policies and Procedures in light of the disclaimer of insurance coverage;

together with such other and further relief as the Court deems just and proper.

Dated: June 24, 2026

Respectfully submitted,

/s/ Andrew Perrong
Andrew Perrong, Esq.
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
(215) 225-5529
a@perronglaw.com

*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2026, a true and correct copy of the foregoing Motion was served upon all counsel of record via the Court's CM/ECF system.


/s/ Andrew Perrong
Andrew Perrong, Esq.

4