## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL PATTERSON, individually and on
behalf of a class of all persons and entities
similarly situated,

               Plaintiff,           Case No.:  2:25-CV-01774-MRH

     v.

WAJDA LAW GROUP, APC, RECOVERY
LAW GROUP APC, and NICHOLAS
WAJDA,

               Defendants.

### ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, Defendants, RECOVERY LAW GROUP, P.C. ("RLG") and NICHOLAS

WAJDA ("MR. WAJDA") (collectively referred to as "These Defendants"), and file this Answer

and Affirmative Defenses to the Plaintiff's Amended Complaint and state:

### ANSWER TO BACKGROUND

1.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

2.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

3.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

4.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

1

**ANSWER TO PARTIES**

5.    Denied.    After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same is denied.

6.    Denied.  This averment is directed to another party; therefore, no response is required.

7.    Admitted in part and denied in part.  It is denied that RLG "purchases leads."  The remainder of the averments are admitted.

8.    Admitted.

**ANSWER TO JURISDICTION AND VENUE**

9.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

10.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

**ANSWER TO FACTUAL ALLEGATIONS**

11.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

12.    Admitted in part and denied in part.  It is admitted that RLG is a law firm that used prerecorded telemarketing voicemails to promote its services to potential clients.  The allegations directed to Wadja Law Group are directed to another party, and therefore, denied.  The remaining averments are denied.

13.    Denied.    After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same is denied.

14.    Denied.    After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same is denied.

15.    Denied.  Plaintiff submitted a request and consented to be contacted by RLG, which would include Mr. Wajda.  The allegations directed to Wadja Law Group are directed to another party, and therefore, denied.  The remaining averments are denied.

16.    Denied.

17.    Denied.  Plaintiff submitted a request and consented to be contacted by RLG, which would include Mr. Wajda.  The remaining averments are denied as they are directed to another party.

18.    Admitted in part and denied in part.  It is admitted that the calls were initiated by the staff of RLG who used Velocify by ICE Mortgage Technology, which is a technology platform, to place the calls.   After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining averments contained within this Paragraph; therefore, the same is denied.

19.    Denied. It is admitted that the calls were initiated by the staff of RLG who used Velocify by ICE Mortgage Technology, which is a technology platform, to place the calls.  After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining averments contained within this Paragraph; therefore, the same is denied.

20.    Denied.    After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same is denied.

21.    Denied.  It is admitted that the calls were initiated by the staff of RLG who used Velocify by ICE Mortgage Technology, which is a technology platform, to place the calls.  After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining averments contained within this Paragraph; therefore, the same is denied.

22.    Admitted in part and denied in part.  It is admitted that the text of the voicemail is accurate.  It is admitted that Mr. Wajda recorded the message.  It is admitted that the calls were initiated by the staff of RLG who used Velocify by Ice Mortgage Technology, which is a technology platform, to place the calls.

23.    Admitted.

24.    Admitted.

25.    Upon information and belief, admitted.

26.    Admitted.

27.    Admitted.

28.    Admitted in part and denied in part.  It is denied that the calls/voicemails were used to "solicit" business because the voicemails were only left for individuals who consented to receive information.  The remainder of the averments are admitted.

29.    The allegations directed to Wadja Law Group are directed to another party, and therefore, denied.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Denied.  This averment is directed to another party; therefore, no response is required.

34.     Admitted.

35.     Denied as stated.

36.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

37.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

38.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

39.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

40.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

41.     Admitted in part and denied in part.  It is admitted that the ICE Mortgage Technology account was subscribed to by Wadjda Law Group, but paid for by RLG, accessed and operated by RLG and used by RLG to advertise RLG's services including in Pennsylvania. The remaining averments contained within this Paragraph are conclusions of law to which no response is required; therefore, the same are denied.

42.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

43.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

44.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

45.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

46.     Admitted in part and denied in part. It is denied that the calls/voicemails were used to "solicit" business because the voicemails were only left for individuals who consented to receive information.  The remainder of the averments are admitted

47.     Admitted.

48.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

49.     Denied as stated.  To the contrary, the use of prerecorded messages was the manner in which ICE Mortgage Technology/Velocify operated.

50.     Denied as stated.

51.     Admitted.

52.     Admitted.

53.     Admitted in part and denied in part.  It is denied that the calls/voicemails were used to "solicit" business because the voicemails were only left for individuals who consented to receive information.  The remainder of the averments are admitted.

54.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

55.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

56.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

57.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

58.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

59.    Denied.  To the contrary, Plaintiff requested and consented to be contacted.

60.    Denied.  To the contrary, Plaintiff requested and consented to be contacted.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

## CLASS ACTION ALLEGATIONS

65.    These Defendants incorporate their Answer and Affirmative Defenses as if fully set forth herein.

66.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

67.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

68.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

69.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

70.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

71.    Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

72.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

73.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

74.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

75.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

76.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

77.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

78.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

79.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

80.     Denied.  After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph; therefore, the same is denied.

81.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

82.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

83.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227(b))
### (On Behalf of Plaintiff and the Robocall Class)

84.     These Defendants incorporate their Answer and Affirmative Defenses as if fully set forth herein.

85.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

86.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

87.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

88.     Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

## PRAYER FOR RELIEF

Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required

## JURY DEMAND

Denied.  The averments contained within this Paragraph are conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim for relief under the TCPA for which this Honorable Court might grant relief.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff (which These Defendants deny) was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to a claim for damages against These Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury in fact and, therefore, lacks the standing required to proceed with this action.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants assert that this suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Amended Complaint; (3) individual issues of fact predominate; (4) Plaintiff's claims are not representative or typical of the putative class; (5) Plaintiff is not an adequate representative for the alleged putative class; and (6) Plaintiff cannot satisfy any of the requirements for class action treatment.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's clams fail, in whole or in part, to state a claim or claims against These Defendants upon which relief may be granted, or upon which the result sought can be awarded because Plaintiff provided prior express consent to being contacted.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii), fail as a matter of law because the equipment used to contact Plaintiff does not qualify as an automatic telephone dialing system (ATDS) under the Supreme Court's controlling interpretation in *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021).

**SEVENTH AFFIRMATIVE DEFENSE**

The system that These Defendants utilize requires human intervention and therefore, does not qualify as an ATDS under the TCPA.

These Defendants reserve the right to assert any other affirmative defense not provided for herein upon further investigation and discovery.

WHEREFORE, Defendants, Recovery Law Group, PC and Nicholas Wajda, respectfully request judgment in their favor and such other relief as the Court deem appropriate.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: _____
Danielle M. Vugrinovich, Esquire
PA ID #88326
**Attorney for Defendant, Recovery Law Group, PC and Nicholas Wajda**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
412 803-1185
412 803-1188/fax
dmvugrinovich@mdwcg.com

11