UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL PATTERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAJDA LAW GROUP, APC, RECOVERY LAW GROUP APC, and NICHOLAS WAJDA,<br><br>Defendants. | Case No.: 2:25-CV-01774-MRH |

**BRIEF IN SUPPORT OF WADE CLARK MULCAHY LLP'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

Robert J. Cosgrove, Esquire, Simone Nicole Henderson, Esquire, and Wade Clark Mulcahy LLP (collectively, "Counsel") hereby move this Honorable Court for leave to withdraw as counsel for Defendant Wajda Law Group, APC ("WLG"), pursuant to the Westen District of Pennsylvania Local Rules and the Pennsylvania Rules of Professional Conduct, for the reasons set forth below and in the accompanying Brief.

**FACTUAL AND PROCEDURAL BACKGROUND**

In short, this matter arises from a dispute between Plaintiff and Defendants surrounding phone calls allegedly received from Defendant(s). The Complaint was filed on November 14, 2025. Counsel was retained by WLG's insurer on WLG's behalf for legal representation in the above-captioned action in connection with WLG's professional liability insurance under a reservation of rights. Counsel entered their appearance and answered the Complaint on WLG's behalf on December 9, 2025, and have represented WLG since that date.

As the matter progressed and relevant facts were elicited in discovery, WLG's insurer determined that the professional liability insurance WLG holds does not cover this matter and, accordingly, the insurer disclaimed responsibility for any legal fees incurred after June 16, 2026. *See* Disclaimer Letter, attached hereto as **Exhibit A.** Pursuant to Counsel's duties as counsel of record, Counsel continued with their representation of WLG on a pro bono basis while Counsel and their client discussed whether WLG would privately retain Counsel to continue representation on this matter. It has been determined that WLG will not privately retain Counsel.

**LEGAL ARGUMENT**

Local Rules of Court for the United States District Court for the Western District of Pennsylvania provide that "[a] motion for withdrawal of counsel's appearance that sets forth the basis for withdrawal should disclose that basis only in a manner consistent with the applicable provisions of the Pennsylvania Rules of Professional Conduct." W.D.Pa. LCvR 83.2(C)(4). The relevant rule under the Pennsylvania Rules of Professional Conduct is Rule 1.16(b), which allows termination of representation if "withdrawal can be accomplished without material adverse effect on the interests of the client," and/or "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." 204 Pa. Code § 81.4 [hereinafter "Pa.R.C.P."], Rule 1.16(b)(1), (5).

In this matter, Counsel's withdrawal will not have a material adverse effect on WLG's interests. In the period of time between when insurance coverage was disclaimed and the instant Motion, several important litigation steps took place, and Counsel provided their legal services *pro bono* as to not leave WLG in a precarious position with Counsel's withdrawal. Particularly, Counsel navigated the postponement of a mediation, responded to Plaintiff's Amended Complaint

with a Motion to Dismiss, and argued said Motion to Dismiss before this Court. Counsel has managed the matters urgently pending in relation to this litigation, thereby avoiding leaving WLG or its replacement counsel in a difficult position upon Counsel's withdrawal. *See* Pa.R.C.P. Rule 1.16(b)(1).

Coverage was disclaimed by WLG's insurer on June 16, 2026. *See* **Exhibit A**. Counsel provided WLG with a formal retainer agreement shortly thereafter; however, as of the filing of this Motion, WLG has not provided an executed agreement. As such, with regard to executing the retainer agreement necessary for Counsel to continue with representation, "the client fail[ed] substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Pa.R.C.P. Rule 1.16(b)(5).

## CONCLUSION

For the reasons set forth in the foregoing Brief, Robert J. Cosgrove, Esquire, Simone Nicole Henderson, Esquire, and Wade Clark Mulcahy LLP respectfully request that this Honorable Court grant leave to withdraw as counsel for Defendant Wajda Law Group, APC ("WLG"), pursuant to the Local Rules of Court for the Western District of Pennsylvania and the Pennsylvania Rules of Professional Conduct.

Dated: Philadelphia, PA
August 19, 2026

Respectfully Submitted,

WADE CLARK MULCAHY LLP

*/s/ Robert Cosgrove*
Robert J. Cosgrove, Esq.

*/s/ Simone Henderson*
Simone Nicole Henderson, Esq.