UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL PATTERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAJDA LAW GROUP, APC, RECOVERY LAW GROUP APC, and NICHOLAS WAJDA,<br><br>Defendants. | Case No.: 2:25-CV-01774-MRH |

**BRIEF IN SUPPORT OF WAJDA LAW GROUP, APC'S MOTION FOR EXTENSION OF TIME TO RETAIN SUBSTITUTE COUNSEL**

Defendant Wajda Law Group, APC ("WLG"), by and through its *pro bono* attorneys WADE CLARK MULCAHY LLP, hereby moves this Honorable Court for an extension of time to retain substitute counsel in connection with this matter, for the reasons set forth below.

**FACTUAL AND PROCEDURAL BACKGROUND**

In short, this matter arises from a dispute between Plaintiff and Defendants surrounding phone calls allegedly received from Defendant(s). The Complaint was filed on November 14, 2025. Counsel was retained by WLG's insurer on WLG's behalf for legal representation in the above-captioned action in connection with WLG's professional liability insurance under a reservation of rights. Counsel entered their appearance and answered the Complaint on WLG's behalf on December 9, 2025, and have represented WLG since that date.

On June 16, 2026, WLG's insurer disclaimed coverage with respect to this matter and stated that it would no longer be paying Counsel's fees. Pursuant to Counsel's duties as counsel of record,

Counsel has continued their representation of WLG on a *pro bono* basis since that date. Once it was determined that Counsel would not be privately retained, Counsel filed a Motion for Leave to Withdraw as Counsel. In response thereto, this Court issued an order requiring WLG to retain substitute counsel and have said substitute counsel appear on its behalf by September 18, 2026.

**ARGUMENT**

WLG has been actively attempting to secure substitute counsel since the Court's Order but, despite those efforts, has not yet been able to locate counsel willing and able to enter an appearance and assume the representation. The delay has not resulted from WLG disregarding the Court's Order or abandoning its obligation to obtain counsel. WLG has been making good-faith efforts to comply but has not been able to succeed in doing so due to factors beyond its control.

In particular, WLG began communication with another of WLG's insurers in an attempt to have defense assigned under a different policy starting on August 21, 2026. WLG was in constant communication with representatives of said alternative insurer throughout the determination process, which ended on September 3, 2026 when it was decided that the insurer would not provide a defense due to an express TCPA Claim exclusion in the policy. Thereafter, throughout September 2026, WLG has contacted approximately four private attorneys in an attempt to secure representation outside of insurance coverage. Communication is actively ongoing with two of the attorneys, and potential retention arrangements are being discussed. WLG has been actively pursuing options for alternative counsel and believes in good faith that an additional extension of thirty days will be sufficient for one of the avenues it is pursuing to culminate in a retention agreement.

As this action is still in its early stages, WLG posits that any delay that this may cause would not result in an undue burden on the other parties to this action. However, if the extension is not granted, WLG risks severe prejudice, as it would be without representation in this ongoing matter.

As such, WLG respectfully requests that the deadline be extended by an additional thirty (30) days, during which it will continue to diligently pursue its efforts to retain substitute counsel.

**CONCLUSION**

For the reasons set forth in the foregoing Brief, WLG respectfully requests that this Honorable Court grant its motion and grant leave of an additional thirty (30) days for WLG to retain substitute counsel in connection with this matter.

Dated: Philadelphia, PA
September 24, 2026

Respectfully Submitted,

WADE CLARK MULCAHY LLP

*/s/ Robert Cosgrove*
Robert J. Cosgrove, Esq.

*/s/ Simone Henderson*
Simone Nicole Henderson, Esq.