UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL PATTERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAJDA LAW GROUP, APC, RECOVERY LAW GROUP APC, and NICHOLAS WAJDA,<br><br>Defendants. | : | Case No.: 2:25-CV-01774-MRH |

**BRIEF IN SUPPORT OF WAJDA LAW GROUP, APC'S MOTION TO SEAL THE EXHIBIT(S) ATTACHED TO THE MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

Defendant Wajda Law Group, APC ("WLG"), by and through its *pro bono* attorneys WADE CLARK MULCAHY LLP, hereby moves this Honorable Court for the Exhibit(s) submitted in support of Counsel's Motion for Leave to Withdraw as Counsel to be electronically locked and sealed, for the reasons set forth below and in the accompanying Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In short, this matter arises from a dispute between Plaintiff and Defendants surrounding phone calls allegedly received from Defendant(s). The Complaint was filed on November 14, 2025. Counsel was retained by WLG's insurer on WLG's behalf for legal representation in the above-captioned action in connection with WLG's professional liability insurance under a reservation of rights. Counsel entered their appearance and answered the Complaint on WLG's behalf on December 9, 2025, and have represented WLG since that date.

As the matter progressed and relevant facts were elicited in discovery, WLG's insurer determined that the professional liability insurance WLG holds does not cover this matter and, accordingly, the insurer disclaimed responsibility for any legal fees incurred after June 16, 2026. Pursuant to Counsel's duties as counsel of record, Counsel has continued their representation of WLG on a *pro bono* basis while Counsel and their client discussed whether WLG would privately retain Counsel to continue representation on this matter. It has been determined that WLG will not privately retain Counsel. Once it was determined that Counsel would not be privately retained, Counsel filed a Motion for Leave to Withdraw as Counsel on or about August 19, 2026, attaching a copy of the disclaimer letter issued by WLG's insurer in support of their Motion as Exhibit A.

## ARGUMENT

Under the Local Rules of the Western District of Pennsylvania, parties may request leave of Court to have a document marked as under seal. *See* LCvR 5.2.H. WLG has some concerns about potentially sensitive information contained within the coverage disclaimer letter being available for view on a publicly accessible docket system and accordingly requests such leave of Court.

There would be little to no harm to the public by sealing this Exhibit, as it solely concerns matters between WLG and its insurer. Additionally, the sole purpose of attaching the coverage disclaimer letter was in support of Counsel's Motion to Withdraw as Counsel to provide evidence that WLG's insurer is no longer paying legal fees. The disclaimer letter is not a document that has a material effect on the substantive matters underlying this action, rather, it supports an ancillary/administrative issue of payment to counsel. Therefore, the effect of sealing such a document is *de minimis* from a public access perspective. However, WLG believes that there is serious risk of harm to WLG with information such as its insurance limits and retention, portions

of its insurance policy, and the position(s) of its insurer with respect to the instant matter being publicly accessible.

Accordingly, WLG respectfully requests that the coverage disclaimer letter, marked as Exhibit A to Counsel's Motion for Leave to Withdraw as Counsel (located at ECF No. 57), be electronically locked and sealed to prevent public access thereto.

**CONCLUSION**

For the reasons set forth in the foregoing Brief, WLG respectfully requests that this Honorable Court grant its motion and mark Exhibit(s) to Counsel's Motion for Leave to Withdraw as Counsel (located at ECF No. 57), be electronically locked and sealed to prevent public access thereto.

Dated: Philadelphia, PA
September 24, 2026

Respectfully Submitted,

WADE CLARK MULCAHY LLP

*/s/ Robert Cosgrove*
Robert J. Cosgrove, Esq.

*/s/ Simone Henderson*
Simone Nicole Henderson, Esq.